TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel:     718) 762-1324
Fax:    (718) 762-1342
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————— X

CHUN LAN GUAN, *on behalf of herself and others similarly situated*

          *Plaintiff,*
v.
LONG ISLAND BUSINESS INSTITUTE, INC., and MONICA FOOTE,

          *Defendants.*
———————————————————— X

Case No:  15cv2215

**29 U.S.C. § 216(b) COLLECTIVE ACTION & F.R.C.P. 23  CLASS ACTION COMPLAINT**

Plaintiff Chun Lan Guan (hereafter referred to as "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorney, Troy Law, PLLC, hereby bring this complaint against Defendant Long Island Business Institute, Inc. and Monica Foote, (hereafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff, on her behalf, as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over

T. Troy                                  1

forty (40) each workweek.

3. Defendants willfully refused to record all of the hours that Plaintiff and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Pursuant to this unlawful policy, pattern and/or practice, Defendants shave time from time records.

5. Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

6. Plaintiff further alleges pursuant to New York Labor Law § 650 *et seq*. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) up to two thousand five hundred dollars ($2,500) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to two thousand five hundred dollars ($2,500) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act; (6) 9% simple prejudgment interest provided by NYLL; (7)

post-judgment interest; and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Defendant Monica Foote under New York General Business Law Section 630 in that Defendant is a citizen and resident of the State of New York.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

10. Plaintiff Chun Lan Guan ("Guan") was employed by Defendant Long Island Business Institute located at 136-18 39th Avenue, 5th Floor, New York 11354 as a building maintenance worker.

## DEFENDANTS

*Corporate Defendant*

11. Defendant Long Island Business Institute (hereinafter "LIBI") is a domestic business corporation organized under the laws of the State of New York with a principal address at 136-18 39th Avenue, New York, NY 11354.

12. LIBI is a two-year, for-profit college of business and career college, offering certificate and associate degree programs.

13. LIBI operates three campuses: in Flushing, in Commack, and in New York City.

T. Troy 3

14. LIBI's Flushing campus is located at 136-18 39th Avenue, 3rd, 4th and 5th Floor, Flushing, NY 11355 and across the street from Queens Crossing, at 136-17 39th Avenue, 4th Floor, Flushing, NY 11355.

15. LIBI's Long Island campus is located at 6500 Jericho Turnpike, Commack NY 11725.

16. LIBI's Chinatown campus is located at 408 Broadway, New York, NY 10013.

17. Professional Business Institute, Inc. d/b/a Professional Business College (hereinafter "PBC") is a domestic business corporation organized under the laws of the State of New York with a principal address at 408 Broadway, New York, NY 10013.

18. PBC is a 2 year private not-for-profit college.

19. Pursuant to a teach-out agreement between Professional Business College and Long Island Business Institute, LIBI operates PBC's Manhattan campus, offering accrediting programs and courses in accounting, business, office training, and ESL classes with admissions, personnel and courses offered controlled by LIBI.

20. Upon information and belief, Long Island Business Institute is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Long Island Business Institute purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

21. The Individual Defendant is an officer, director, manager and/or majority shareholder or owner of the Defendant Long Island Business Institute and, as one of the ten largest shareholders, is individually responsible for unpaid wages under the New York Business Corporation Law (See Exhibit 2).

22. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or condition

have been waived.

## STATEMENT OF FACTS

23. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

24. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully overtime compensation at one and one half times (1.5x) her regular rates of pay for all hours worked over forty (40) in a given workweek.

25. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

26. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

27. Specifically, upon information and belief, beginning around June 4, 2007, Defendants operated under a common policy of not paying Plaintiff and similarly situated employees at one-and-one-half of their regular rate of each hour worked over forty (40) per workweek.

28. Defendants also understated and continue to understate the overtime hours of Plaintiff and similarly situated employees of LIBI on their paystub records by reporting either the true hours worked in two (2) weeks or eighty (80) hours, whichever is less.

29. For every two (2) weeks in which Plaintiff worked at most eighty (80) hours, Plaintiff was paid the product of the actual hours worked and the fixed hourly rate, which are displayed under the "Hrs/Units" and "Rate" column of the Earnings subsection of the biweekly payroll issued by LIBI.

30. For every two (2) weeks in which Plaintiff worked more than eighty (80) hours, Plaintiff was also paid the product of actual hours worked and the fixed hourly rate. The actual hours worked, however, is displayed as "80" under the "Hrs/ Units" column, while the fixed hourly

rate remains unchanged.

31. Defendants calculated overtime using eighty (80) hours each two (2) weeks rather than forty (40) hours each workweek.

32. Upon information and belief, Defendants' policy applies to all non-exempt employees of Long Island Business Schools, and is designed to mitigate liability for their overtime wage violations.

*Plaintiff Chun Lan Guan*

33. On or about June 4, 2014 to the present day, Plaintiff Chun Lan Guan was employed by Defendants to work as a building maintenance worker at LIBI's Flushing campus.

34. Plaintiff's duty involves sanitary work, waxing the floor, replacing the lighting, organizing the stools and desks, electricity, switch, and plumbing.

35. Plaintiff was not compensated at least at one-and-one-half of the minimum wage or her fixed hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

36. Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

37. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

38. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting accurate rates of pay and payday as well as paystub that lists accurately employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the

employee's gross and net wages for each pay day.

39. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over 10 hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

40. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees of Long Island Business Institute who have been or were employed by the Defendants for up to last six (6) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at the time and one half rate of overtime hourly compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings her NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants at Long Island Business Institute on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

43. All said persons, including Plaintiff, are referred to herein as the "Class."

44. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their

names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

45. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

46. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

   b. Whether Plaintiff and Class members are entitled to overtime under the New York Labor Law;

   c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

   d. Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

   e. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or or timely thereafter;

    f. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

*Typicality*

47. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

48. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**STATEMENT OF CLAIM**

**COUNT I**
**[Violations of the Fair Labor Standards Act—Overtime Wage**

**Brought on behalf of the Plaintiffs and the FLSA Collective]**

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

53. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

54. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

55. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

56. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

57. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay
### Brought on Behalf of Plaintiff and the Rule 23 Class]

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. An employer who fails to pay the overtime wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

61. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiff and the class are entitled to.

62. Defendant' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

63. Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on Behalf of Plaintiff and the Rule 23 Class]

64. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. The NYLL requires employers to pay an extra hour's pay for every day that an employee

T. Troy

12

works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

66. Defendants' failure to pay Plaintiff and the Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT IV
### [Violation of New York Labor Law—Record-Keeping Requirements Brought on Behalf of Plaintiff and the Rule 23 Class]

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

69. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

70. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

71. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on Behalf of Plaintiff and the Rule 23 Class]

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. The NYLL and supporting regulations require employers to provide written notice of the rate

or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

74. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on her or her first day of employment.

75. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

76. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT VI**
**[Violation of New York Labor Law—New York Pay Stub Requirement**
**Brought on Behalf of Plaintiff and the Rule 23 Class]**

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

79. Defendants have failed to make a good faith effort to comply with the New York Labor Law

with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

80. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT VII
**[Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434]**

81. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

83. Due to Defendants' violations of 26 USC §7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT VIII
**[Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349]**

84. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

85. NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such

T. Troy                                       15

other person may bring a civil action for damages against the person so filing such a return.

86. Due to Defendants' violations of NY GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

87. Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (See Exhibit 3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herse;f, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual

   Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)  An injunction against Corporate Defendants that do business as Long Island Business Institute, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  An award of unpaid overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, overtime compensation pursuant to 29 U.S.C. §216;

h)  Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide an Initial Time of Hire Notice detailing rates of pay and payday;

i)  Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)   An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)   The cost and disbursements of this action;

m)   An award of prejudgment and post-judgment fees;

n)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
April 18, 2015

                 TROY LAW, PLLC
                 *Attorneys for Plaintiffs*


                 /John Troy/
                 John Troy (JT0481)
                 41-25 Kissena Boulevard Suite 119
                 Flushing, NY 11355
                 Tel: (718) 762-1324
                 Fax: (718) 762-1342
                 Email: johntroy@pllc.com

To:

LONG ISLAND BUSINESS INSTITUTE, INC.
136-18 39th Avenue, 5th Floor,
New York 11354

MONICA FOOTE
136-18 39th Avenue,
 5th Floor, New York 11354