

Attorneys at law

Paul H. Aloe
Direct Phone: (212) 868-1888
Direct Fax: (212) 504-8317
paloe@kudmanlaw.com

March 11, 2016

**VIA ECF ONLY**

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Chun Lan Guan et al. v. Long Island Business Institute et al.
     Case No. 15-cv-02215 (CBA)(VMS)

Dear Chief Judge Amon:

  This letter shall serve as defendants' response to the supplemental affidavits (ECF Nos. 70–74) submitted in further support of plaintiffs' motion seeking conditional certification of a FLSA collective action.

## ARGUMENT

  Defendants previously set forth in detail the burden plaintiffs must meet to succeed on their motion seeking conditional certification of an FLSA collective action. S*ee* Defs.' Mem. of Law in Opp'n at 4–8 (ECF No. 66). However, the standard bears repeating in this supplemental opposition in response to plaintiffs' supplemental affidavits.

  Plaintiffs must establish that there are similarly situated potential opt-in plaintiffs "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). Unsupported, conclusory allegations in plaintiffs' pleadings and supporting affidavits are insufficient. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010); *Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006). "A plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations." *Prizmic*, 2006 WL 1662614, at *2.

  Plaintiffs utterly failed in their initial motion papers to demonstrate that there were any employees outside of the building maintenance/sanitation department at LIBI's Flushing campus

KUDMAN TRACHTEN ALOE LLP
Honorable Carol Bagley Amon
March 11, 2016
Page 2

that were subject to the same FLSA violations alleged in the second amended complaint. Each of plaintiffs' nearly identical affidavits contained an unspecific, ineffectual allegation stating that they were "unaware of any employees who receive overtime pay." Notably, Magistrate Judge Cott of the Southern District of New York found that very same allegation to be insufficient by in a different case. *See Feng v. Hampshire Times*, No. 14-CV-7102 (SHS)(JLC), 2015 WL 1061973 (S.D.N.Y. Mar. 11, 2015).

Attempting to salvage their motion, plaintiffs submitted supplemental affidavits from one named plaintiff, one of plaintiffs' supervisors, and three academic instructors from LIBI's Flushing campus. As explained below, these supplemental affidavits do nothing to help revive plaintiffs' failed motion. They do not identify with any degree of specificity a single employee outside of plaintiffs' department that is non-exempt under the FLSA, actually worked enough hours to qualify for overtime pay, and did not receive proper overtime pay because their hours were reported on a two-week basis.

Plaintiffs have not provided this Court with any credible evidence on which it could reasonably conclude that the FLSA violations alleged in the second amended complaint affected any employees outside of the building maintenance/sanitation department at LIBI's Flushing location. Rather, they ask this Court to take them at their word and conditionally certify an overbroad class of employees based on wholly unsupported allegations. The burden at this stage, although liberal, is simply not that low. For the reasons set forth below and in defendants' original opposition papers, defendants respectfully submit that the Court must deny plaintiffs' motion.

I. **Plaintiffs' Supplemental Affidavits Fail to Demonstrate the Existence of Similarly Situated Employees Outside of their Department**

   A. **Ziqiang Lu**

The supplemental affidavit of Ziqiang Lu purports to identify two individuals outside of the building maintenance/sanitation department in Flushing who were subject to the same common policy or scheme alleged in the second amended complaint. Specifically, Mr. Lu claims that he personally saw the paystubs of an unidentified—described as chubby and bespectacled—"work-study" employee and noticed that her hours were reported over a two-week period. Lu Suppl. Aff. ¶¶ 15–16. Similarly, Mr. Lu alleges that another "work-study" employee identified as Jason Chu also had his hours reported on a two-week basis. Lu Suppl. Aff. ¶¶ 17–18.

There are several glaring omissions in Mr. Lu's supplemental affidavit. First, Mr. Lu does not explain the role or specific job functions of these alleged "work-study" employees. Second, Mr. Lu does not identify the department in which these "work-study" employees allegedly worked. Third, Mr. Lu does not specify the campus where these individuals allegedly worked.

KUDMAN TRACHTEN ALOE LLP
Honorable Carol Bagley Amon
March 11, 2016
Page 3

Fourth, and most important, Mr. Lu does not state that these individuals ever worked more than forty hours in a single week or were otherwise entitled to receive overtime pay.[1]

Mr. Lu's supplemental affidavit offers nothing to help save plaintiff's motion for conditional certification, as it does not show that there are similarly situated employees outside of plaintiffs' department.

### B. Huan Yu

The supplemental affidavit of Huan Yu offers even less probative material than Mr. Lu's supplemental affidavit. After spending several pages discussing alleged issues and events that have nothing to do with the plaintiffs' motion for conditional certification, Ms. Yu alleges that all employees at LIBI's Flushing campus were paid on Wednesdays based on the fact that her husband, Jia Sheng Wu, and two of his colleagues, Miao Du and Sheng Zong Qi, were also paid on Wednesdays. Yu Suppl. Aff. ¶¶ 50, 72. However, Ms. Yu does not describe the roles or job functions of any one of Mssrs. Wu, Miao, or Qi, nor does she claim that they ever worked more than forty hours in any single week or were otherwise entitled to receive overtime. In any event, as discussed below, Mssrs. Wu, Du, or Qi are instructors at LIBI and, as such, are exempt under the FLSA.

Ms. Yu goes on to state that she knows that "LIBI did not pay any sanitation workers proper overtime compensation" because she prepared their work schedules and reported their hours to the accounting department. Yu Suppl. Aff. ¶ 59. This corroborates the affidavits of the named plaintiffs, all of whom worked in the department Ms. Yu supervised. However, it also supports defendants' principal contention in opposition to plaintiffs' motion—i.e., to the extent there were any FLSA-actionable issues at LIBI, they were limited to plaintiffs' department, which had its own scheduling and payroll-reporting practices. Ms. Yu's affidavit further supports defendants' contention, as she explicitly admits that she does not know that the issues alleged to have existed in the building maintenance/sanitation department at LIBI's Flushing campus affected any other LIBI employees: "I am unaware of other employees who does [sic] not receive overtime pay at LIBI." Yu Suppl. Aff. ¶ 66.

Ms. Yu also alleges that, in 2011, she happened upon a paystub belonging to Anna Venturino, LIBI's Executive Director of Academic Operations and Student Services, and that she noticed that her hours were also reported on a two-week basis. Ms. Venturino is an executive employee at LIBI and is, therefore, exempt under the FLSA. Moreover, since Ms. Yu alleges that this took place in 2011, even if there were overtime violations—there could not be, as Ms. Venturino is an exempt executive employee—they would be barred as untimely under the maximum three-year statute of limitations under the FLSA. Thus, aside from bringing to LIBI's attention the suspicious circumstances under which Ms. Yu and plaintiffs have sought to acquire

---

[1] Mr. Chu is a former LIBI student. As part of his federal financial aid package, he worked at the front desk at LIBI's Flushing campus. He never worked more than forty hours in a single week, as that would not be permitted under applicable federal regulations.

KUDMAN TRACHTEN ALOE LLP
Honorable Carol Bagley Amon
March 11, 2016
Page 4

evidence in this case, Ms. Yu's allegations concerning Ms. Venturino's paystub offer nothing that helps plaintiffs' efforts on this motion.

Finally, Ms. Yu alleges that two employees in the payroll department at LIBI Flushing also managed payroll and accounting for LIBI's Commack and Manhattan campuses, ostensibly suggesting that this supports plaintiffs' belief that all of LIBI's employees have been affected by a common pay practice. Yu Suppl. Aff. ¶¶ 70–71. However, this allegation, if true, does nothing to show that there are employees outside of plaintiffs' department that were employed in non-exempt roles, worked enough hours to qualify for overtime, and were not paid appropriately because of the way in which there hours were reported. For this reason, Ms. Yu's supplemental affidavit does not help plaintiffs meet their burden.

### C.  Jia Sheng Wu, Miao Du, and Sheng Zong Qi

Mssrs. Wu, Du, or Qi each submitted a supplemental affidavit in support of plaintiffs' motion. They do not work with plaintiffs in the building maintenance/sanitation department at LIBI's Flushing campus. Rather, they are academic instructors at LIBI's Flushing campus. Specifically, Mssrs. Du and Qi are English-as-a-second-language and Combined English Language Skills Assessment instructors, and Mr. Wu is a Business/Accounting instructor. Wu Suppl. Aff. ¶ 4; Du Suppl. Aff. ¶ 2; Qi Suppl. Aff. ¶ 2.

They allege that their hours were reported on a two-week basis. Wu Suppl. Aff. ¶ 15; Du Suppl. Aff. ¶ 8; Qi Suppl. Aff. ¶ 9. They also allege that they were not always paid overtime for weeks in which they worked more than forty hours. Wu Suppl. Aff. ¶¶ 17–18; Du Suppl. Aff. ¶¶ 11–13; Qi Suppl. Aff. ¶¶ 13, 15. Attempting to support their contention that they were subject to a common policy or plan, they allege that they spoke with each other and discovered that the others also did not receive overtime pay for weeks in which they worked more than forty hours. Wu Suppl. Aff. ¶¶ 23–24; Du Suppl. Aff. ¶¶ 18–19; Qi Suppl. Aff. ¶¶ 19–20.

Aside from naming each other, Mssrs. Wu, Du, or Qi do not identify any other LIBI employees that were supposedly subject to the same pay practices. Instead, they assert the same general statement plaintiffs used in their original affidavits in support of the motion, which statement this Court already called into question during oral arguments on the motion: "I am aware of other employees who do not receive overtime pay at LIBI." Wu Suppl. Aff. ¶ 22; Du Suppl. Aff. ¶ 17; Qi Suppl. Aff. ¶ 18. Thus, the supplemental affidavits of Mssrs. Wu, Du, or Qi do not support certification of plaintiffs' proposed collective action group, which would include all non-exempt, non-managerial employees at all of LIBI's campuses. In fact, Mssrs. Wu, Du, or Qi would not even qualify as opt-in plaintiffs under that broad group because they are exempt under the FLSA and are not entitled to overtime pay.

In *Tongring v. Bronx Cmty. Coll. of City Univ. of New York Sys.*, No. 12 CIV. 6854 ALC FM, 2014 WL 463616 (S.D.N.Y. Feb. 4, 2014), Judge Carter of the Southern District of New York set

KUDMAN TRACHTEN ALOE LLP
Honorable Carol Bagley Amon
March 11, 2016
Page 5

forth a comprehensive analysis that should be the beginning and end of the inquiry into the exempt status of Mssrs. Wu, Du, or Qi under the FLSA:

> Teachers are exempt from the FLSA minimum wage and maximum hour provisions, which do not apply to "any employee employed in a bona fide executive, administrative, or professional capacity . . ." The term "employee employed in a bona fide professional capacity" in section 13(a)(1) of the Act also means any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed. The term "educational establishment" is defined in § 541.204(b). An "educational establishment" means an elementary or secondary school system, an institution of higher education or other educational institution.

*Tongring*, 2014 WL 463616, at *2 (quoting 29 U.S.C. § 213(a)(1) and citing 29 C.F.R. §§ 541.204, 541.303). Judge Carter also noted that, under 29 C.F.R. § 541.303(d), "the salary threshold [ordinarily applicable under 29 C.F.R. § 541.300(a)] does not apply to teachers, i.e., those employees who are in a bona fide professional capacity 'with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment.'" *Id.*

LIBI is a two-year business college that is nationally accredited by the Accrediting Council for Independent Colleges and Schools. As such, it qualifies as an education establishment under 29 C.F.R. § 541.204(b). Based on the allegations in their supplemental affidavits, it is clear that Mssrs. Wu, Du, or Qi are all employed "with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge." Thus, under *Tongring* and the applicable FLSA regulations, there is no disputing that Mssrs. Wu, Du, or Qi are all exempt under the FLSA.

Based on their exempt status, Mssrs. Wu, Du, or Qi cannot be considered similarly situated to plaintiffs for the purposes of plaintiffs' motion. Their supplemental affidavits, therefore, are worthless and do not support conditional certification of any group of potential opt-in plaintiffs outside of plaintiffs' department at LIBI's Flushing campus.

## II.     Plaintiffs' Have Not Submitted Sufficient Evidence to Meet Their Burden

### A. Plaintiffs' Affidavits and Supplemental Affidavits Should Be Stricken

Defendants previously raised issues concerning the validity of plaintiffs' affidavits. *See* Defs.' Mem. of Law in Opp'n at 17–18. Specifically, defendants argued that, under Rules 604 and 901 of the Federal Rules of Evidence, "[w]itness testimony translated from a foreign language must be properly authenticated and any interpretation must be shown to be an accurate translation done by a competent translator." *Kesel v. United Parcel Serv., Inc.*, No. 00-CV-3741 (SI), 2002 WL 102606, at *3 (N.D. Cal. Jan. 17, 2002), *aff'd*, 339 F.3d 849 (9th Cir. 2003) (striking

KUDMAN TRACHTEN ALOE LLP
Honorable Carol Bagley Amon
March 11, 2016
Page 6

declaration from record where there was "no explanation about how the document was translated, who the translator was, or the expertise of that translator"); *Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654, 659 (N.D. Cal. 1994) (finding that plaintiffs "failed to lay a proper foundation for the admission of the translated affidavits" where they "submitted a statement by an individual at a local translation center stating that the translations were true and correct").

Neither plaintiffs' original affidavits nor the supplemental affidavits contain any translation certification. Rather, except for the supplemental affidavits of Mssrs. Du and Qi,[2] each contains the following statement: "This document has been translated to me in my native language of Mandarin Chinese, and I fully comprehend the contents." *See* Guan Affirm. ¶ 19; Liu Affirm. ¶ 19; Lu Affirm. ¶ 19; Zhao Affirm. ¶ 19; Zhou Affirm. ¶ 19; Yu Affirm. ¶ 32; Lu Suppl. Aff. ¶ 21; Yu Suppl. Aff. ¶ 77; Wu Suppl. Aff. ¶ 30.

In his reply declaration in further support of plaintiffs' motion (ECF No. 62), plaintiffs' counsel stated that he is "native Chinese speaker and fluent in English as well," and that he translated plaintiffs' affidavits "from English to Chinese and vice versa in order to assist them with preparing affirmations in support of motion to [sic] conditional certification of collective action." Troy Reply Decl. ¶¶ 2–3. However, defendants and this Court have no way of knowing whether Mr. Troy is a competent translator. He has he has not provided any proof showing that he is certified to make Chinese and English translations. Nor has he described in any detail the process by which the affidavits were translated. Plaintiffs have not produced any Chinese versions of the affidavits, making it impossible for defendants and this Court to determine whether the English versions signed and presented to the Court are true and correct versions of what the affiants were shown in Chinese, if they were shown anything at all. All of this uncertainty makes the affidavits completely unreliable. The Court should strike the affidavits and disregard them entirely when considering plaintiffs' motion.

### B. There Is No Evidence Showing Similarly Situated Employees Outside of Plaintiffs' Department at LIBI's Flushing Campus

Plaintiffs indicated their intention to move for conditional certification of a FLSA collective action in September 2015—six months ago (ECF No. 31). Since that time, they have been unable to come up with a single piece of credible evidence showing that the FLSA violations alleged in the second amended complaint affected any employees outside of the building maintenance/sanitation department at LIBI's Flushing campus. Plaintiffs have offered nothing to support their preposterous contention that a proposed collective action group should include all of LIBI's non-exempt, non-managerial employees. If the Court is to grant conditional certification at all—defendants respectfully submit it should not—then the collective action group must be limited to employees in plaintiffs' department at the Flushing campus.

---

[2] As noted above, Mssrs. Du and Qi are English-as-a-second-language and Combined English Language Skills Assessment instructors. Defendants, therefore, have no reason to believe that their supplemental affidavits required certified translations.

KUDMAN TRACHTEN ALOE LLP
Honorable Carol Bagley Amon
March 11, 2016
Page 7

*Monger v. Cactus Salon & SPA's LLC*, No. 08-CV-1817(FB)(WDW), 2009 WL 1916386 (E.D.N.Y. July 6, 2009), is directly on point. In *Monger*, two former hair salon employees from the defendant's salon location in Plainview, New York, brought an action against the defendant for alleged minimum wage and overtime violations. *Monger*, 2009 WL 1916386, at *1. They sought to conditionally certify a FLSA collective action consisting of all employees with similar jobs at all of the defendant's salon locations. *Id.* In support of their motion, the plaintiffs "submitted declarations attesting that they 'believe' that other Cactus Salon employees are subject to the 'same policies, procedures and pay rates' and were not paid for overtime as required by the FLSA." *Id.* They also "submitted payroll records for the [Plainview] location showing that, at that location, four employees other than the plaintiffs were not paid time-and-a-half for overtime." *Id.* Judge Block of the Eastern District of New York was not convinced that the plaintiffs' submissions warranted conditionally certifying a collective action that expanded beyond those employees who worked in the same jobs as the plaintiffs and at the same location:

> Plaintiffs' only evidence that other locations' employees are similarly situated is that they "believe" that all hair stylists and shampoo assistants are subject to the same polices. They offer no basis for this belief; they name no individuals at other salons who are similarly situated; and they provide no documentary evidence that policies are the same at different Cactus Salon locations.

*Id.* at *2. Here, much like the plaintiffs in *Monger*, plaintiffs have failed to submit evidence showing that the common policy or plan alleged in the second amended complaint affected any employees outside of plaintiffs' department. Plaintiffs, therefore, have failed to meet their burden to obtain conditional certification of a collective action encompassing any employees outside of the building maintenance/sanitation department at LIBI's Flushing campus.

## **CONCLUSION**

Plaintiffs' insistence that the collective action should include every single non-exempt, non-managerial employee—without regard to position, hours worked, or campus location, and without any evidence to support its position—is simply beyond the pale. They have not identified a single qualifying employee outside of their department that has suffered from the same FLSA violations plaintiffs allege to have experienced.

For these reasons, the Court must deny plaintiffs' motion to the extent that it seeks certification of a collective action beyond the employees in the building maintenance/sanitation department at LIBI's Flushing campus.

Respectfully submitted,

Paul H. Aloe

cc:   John Troy, Esq. (via ECF)