

Attorneys at law

Paul H. Aloe
Direct Phone: (212) 868-1888
Direct Fax: (212) 504-8317
paloe@kudmanlaw.com

June 21, 2016

**VIA ECF ONLY**
Honorable Vera M. Scanlon
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

    Re:    Chun Lan Guan et al. v. Long Island Business Institute et al.
                Case No. 15-cv-02215 (CBA)(VMS)

Dear Judge Scanlon:

By this letter application,[1] defendants respectfully request that Your Honor fix the amount of sanctions ordered against plaintiffs and their counsel on April 26, 2016, based on their failure to appear for plaintiffs' depositions scheduled for April 18 and 19, 2016.

## BACKGROUND

On April 18, 2016, after plaintiffs and their counsel failed to appear for plaintiffs' depositions, defendants filed a motion seeking an order compelling plaintiffs to appear and ordering appropriate sanctions pursuant to Rule 37(d) (ECF No. 78). Plaintiffs opposed defendants' motion on April 22, 2016 (ECF No. 79). After considering the parties' submissions, on April 26, 2016, Your Honor entered a docket order granting defendants' motion (Exhibit A). Finding that "Plaintiffs' and their counsel's conduct was not substantially justified or excusable," Your Honor determined that the Court was required under Rule 37(d) to award sanctions in the amount of defendants' attorney's fees and reasonable expenses. To that end, Your Honor's order directed defendants "to provide Plaintiffs' counsel with a statement for the expenses incurred and the attorneys' fees for the 'busted' depositions" by May 3, 2016. Your Honor directed plaintiffs to "pay the fees by 5/13/2016, or Defendants may thereafter make an application to the Court to determine the amount of the fees and expenses to be paid."

---

[1] During the telephonic status conference held on June 1, 2016, Your Honor advised defendants' counsel that the present application could be made by letter as opposed to a formal motion.

On April 27, 2016, defendants sent a letter to plaintiffs' counsel detailing the $3,140 of attorneys' fees and $575 of expenses incurred as a result of the "busted" depositions (Exhibit B). Defendants' letter specifically reminded plaintiffs and their counsel that Your Honor's order required payment of the sanctions no later than May 13, 2016.

On May 11, 2016, plaintiffs filed a letter motion seeking reconsideration of Your Honor's order (ECF No. 85). Your Honor entered a docket order denying plaintiffs' application the very next morning, on May 12, 2016, determining that plaintiffs' request for reconsideration was untimely and improper under Local Rule 6.3 (Exhibit C). The motion seeking reconsideration having been denied, plaintiffs and their counsel were required to pay the sanctions by May 13, 2016. Plaintiffs and their counsel, however, disregarded Your Honor's deadline and neither paid the sanctions nor challenged the amount of fees and expenses submitted by defendants.

Plaintiffs' depositions were rescheduled for May 18 and 19, 2016 (ECF No. 83). During a break on May 18, 2016, defendants' counsel advised plaintiffs' counsel that they had missed the deadline for payment of the sanctions and that he should bring a check with him the next day. The next morning, on May 19, 2016, plaintiffs' counsel sent an email disputing—for the first time—the amount of attorneys' fees and expenses submitted by defendants in their letter dated April 27, 2016 (Exhibit D). Plaintiffs waited nearly one week after the deadline to raise issues concerning (1) the inclusion of time spent meeting with one of defendants to prepare for the "busted" depositions, (2) defendants' counsel's hourly rates, and (3) the inclusion of cancellation fees charged by the court reporter and translator who appeared for the "busted" depositions.

**ARGUMENT**

I. **Attorneys' Fees Attributable to Time Spent Preparing for the "Busted Depositions" Are Properly Included in the Amount of Sanctions**

Plaintiffs and their counsel contend that "fees and expenses covers only the missed depositions, so meeting with Monica Foote and 'Discuss strategy with M. Foote' should not be billed to Plaintiffs' counsel, only Plaintiffs' so-called 'busted' deposition should be." The discussions about which plaintiffs and their counsel complain were with Monica Foote, who is the president of LIBI and an individual defendant in this action. The discussions involved preparing for plaintiffs' depositions and determining the proper course of action for responding to plaintiffs' failure to appear. These discussions are inextricably intertwined with plaintiffs' "busted" depositions, and the attorneys' fees attributable to them are properly included as part of the sanctions amount together with the time spent waiting for plaintiffs to appear and the time spent making the motion to compel. *See Vorcom Internet Servs., Inc. v. L&H Eng'g & Design LLC*, No. 12-CV-2049 (VB), 2014 WL 116130, at *4 (S.D.N.Y. Jan. 13, 2014) (awarding sanctions for time spent preparing for deposition, appearing for deposition, and making motion for sanctions).

Moreover, in addition to the $3,140 in attorneys' fees previously incurred as a result of the "busted" depositions, defendants are now entitled to an additional $1,880 in attorneys' fees incurred making this application. *See Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir.

KUDMAN TRACHTEN ALOE LLP
Honorable Vera M. Scanlon
June 21, 2016
Page 3

1996) (holding that "attorneys' fees for the preparation of the fee application are compensable"); *Gutman v. Klein*, No. 03-CV-1570 (BMC), 2009 WL 3296072, at *4 (E.D.N.Y. Oct. 13, 2009), *aff'd*, 515 F. App'x 8 (2d Cir. 2013) ("The Supreme Court and the Second Circuit have held under several federal statutes that prevailing parties are entitled to attorneys' fees for time reasonably expended on a fee petition itself. The logic behind those decisions leads to the same conclusion under Rule 37(b)(2)(C)."). Accordingly, defendants respectfully request that the Court fix the total amount of attorneys' fees owed as $5,020.

## II.     Defendants' Counsel's Hourly Rates Are Reasonable

Plaintiffs and their counsel mistakenly contend that defendants are required to provide an "Eastern District Court ruling which approves of Mr. Saponara's rate as $300 and Mr. Aloe's rate $500." Defendants are under no such obligation.

The Court has discretion to determine what constitutes a reasonable hourly fee, taking into consideration whether the rates requested are in line with other lawyers of comparable skill, experience, and reputation within the relevant community. *Vorcom Internet Servs., Inc. v. L&H Eng'g & Design LLC*, No. 12-CV-2049 (VB), 2014 WL 116130, at *4 (S.D.N.Y. Jan. 13, 2014). The relevant community is not necessarily the Eastern District of New York, and the Court may consider an out-of-district hourly rate "in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 191 (2d Cir. 2008).

It is important to point out that this is not a standard fee application being made by a plaintiff's attorney working on a contingency basis with the hope that a fee-shifting statute will require the defendant to pay the bill at the end of the case. *See id.* at 184 (explaining that a plaintiff bringing suit under a fee-shifting statute has little incentive to negotiate a rate structure with his attorney prior to the litigation" and that "the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively"); *Ceglia v. Zuckerberg*, No. 10-CV-00569A, 2012 WL 503810 (W.D.N.Y. Feb. 14, 2012) (approving defendants' counsel's hourly rates based on New York City market on fee application concerning sanctions awarded pursuant to Rule 37). Rather, as this application involves an award of sanctions ordered against plaintiffs and their counsel, the traditional lodestar approach need not necessarily be applied strictly. *See Ceglia*, 2012 WL 503810, at *4 (quoting *Eastway Const. Corp. v. City of New York*, 821 F.2d 121, 122 (2d Cir. 1987)) ("The Second Circuit has held that when awarding attorney's fees as a sanction, the 'lodestar amount need not routinely be awarded.'").

The Court does not need to speculate or estimate what hourly rate a hypothetical reasonable client would pay under similar circumstances in a comparable case. Defendants retained counsel to defend them in this action, and they agreed to pay hourly rates of $500 and $300 (Exhibit E). Indeed, defendants have been paying these rates for more than one year.

KUDMAN TRACHTEN ALOE LLP
Honorable Vera M. Scanlon
June 21, 2016
Page 4

These rates are reasonable for a firm of our size and experience in the New York City market. *See Siegel v. Bloomberg L.P.*, No. 13-CV-1351 (DF), 2016 WL 1211849, at *6 (S.D.N.Y. Mar. 22, 2016) (approving hourly rates of $505 to $550 for partners and $275 to $350 for associates on plaintiffs' attorneys' fee application an FLSA case). Moreover, these rates are lower than the firm's current standard hourly rates of $550 for partners and $325 for associates.

### III.     Plaintiffs Are Required to Pay the Court Reporting and Translator Expenses

Plaintiffs and their counsel also challenge the fees charged by the court reporter and the translator for the "busted" depositions. In particular, plaintiffs' counsel contends he uses the same court-reporting service as defendants' counsel (Veritext) and that "it is always possible to ask for a fee waiver for the court reporting and translation fee" when adjourning a deposition.

First, it is incorrect to characterize plaintiffs' depositions as being "adjourned," as they were in fact cancelled due to plaintiffs' failure to appear. Second, court reporters and translators do not work for free, and cancellation fees are the natural consequence of wasting their time— in this case, $185 for the court reporter and $390 for the translator. There is no reason for depriving these hardworking individuals of the fees to which they are entitled, particularly not when the Court has already determined that the conduct of plaintiffs and their counsel "was not substantially justified or excusable." Finally, defendants' counsel will not authorize plaintiffs' counsel to negotiate on its behalf, as doing so might jeopardize its relationship with its preferred court-reporting vendor. Moreover, allowing plaintiffs and their counsel to reduce the amount of actual expenses incurred would only serve to undermine the very purposes underlying Your Honor's sanctions order—"namely, to 'ensure that a party will not benefit from its own failure to comply,' as well as specific and general deterrence." *Dragon Yu Bag Mfg. Co. v. Brand Sci.*, LLC, 282 F.R.D. 343, 345 (S.D.N.Y. 2012) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 70 (2d Cir. 1988)).

### CONCLUSION

For these reasons, defendants respectfully request that Your Honor enter an order fixing $5,595 as the amount of sanctions and directing plaintiffs and their counsel to promptly pay that amount to defendants.

Respectfully submitted,

Paul H. Aloe

Encls.

cc:     John Troy, Esq. (via ECF)