# Exhibit "G"

# David Saponara

| | |
|---|---|
| **From:** | David Saponara |
| **Sent:** | Tuesday, May 17, 2016 12:12 PM |
| **To:** | John Troy (johntroy@troypllc.com); 'Troy Law' |
| **Cc:** | PAloe@kudmanlaw.com |
| **Subject:** | RE: Guan et al v. Long Island Business Institute, Inc. |

Mr. Troy:

Ms. Yu is not a party to this action.

As you know, Magistrate Judge Scanlon's scheduling order dated August 18, 2015 (ECF No. 25), set October 16, 2015, as the deadline for adding parties without a stipulation or motion. Plaintiffs took no action seeking to have Ms. Yu join the lawsuit before that date. Moreover, Ms. Yu's purported "opt-in" is ineffective because plaintiffs' motion seeking conditional certification has not been granted. Accordingly, Ms. Yu is not now, and has never been, a party to this lawsuit.

If you believe that Ms. Yu—a supervisory employee of the defendant—is a client of your firm, then there is a serious issue under Rule 4.2. As counsel for parties adverse to LIBI, you are not permitted to communicate with supervisory personnel of LIBI without our consent. We demand that you immediately produce any engagement/retention letter that you might have with Ms. Yu, which, as you should know, is not a privileged document.

We will have to bring this issue up with Magistrate Judge Scanlon. We will call your office at 2:00 p.m. and then jointly call chambers pursuant to her Rule II(a).

David N. Saponara
Kudman Trachten Aloe LLP
Direct: (212) 868-1887
dsaponara@kudmanlaw.com

**From:** Troy Law [mailto:troylaw@troypllc.com]
**Sent:** Tuesday, May 17, 2016 11:33 AM
**To:** David Saponara <dsaponara@kudmanlaw.com>
**Subject:** Re: Guan et al v. Long Island Business Institute, Inc.

Mr. Saponara,

First, Ms. Yu is a party to this action. She filed a consent to become a party plaintiff on November 7, 2015. *See* Docket No. 39. As a party to this action, she has an absolute right to attend the depositions under Federal Rule of Evidence 615.

Second, again Ms. Yu is a party to this action.

Third, Ms. Yu is a client of our law firm. Notwithstanding the fact that she continues to work for LIBI, we have an absolute right to communicate with *our* client.

Sincerely,

John Troy

1

/jm

# TROY LAW

*Attorneys & Counselors at Law*

Queens: 41-25 Kissena Blvd., Suite 119, Flushing NY 11355. Tel: (718) 762-1324
Taipei: 372 LinSen N. Road, Suite 1100, Taipei 10446 Tel: (886+2)-2571-2572

蔡鴻章 律師事務所

*Our firm does not accept paper or fax correspondence, including service, and production of documents, which must be made by emailing a PDF.*

On Tue, May 17, 2016 at 10:00 AM, David Saponara <dsaponara@kudmanlaw.com> wrote:

> Mr. Troy:
>
> We object to Ms. Yu being present at plaintiffs' deposition for several reasons.
>
> First, she is not a party to the lawsuit and has no right to attend. Nor is there any legitimate reason for her to attend.
>
> Second, the depositions will involve the disclosure of confidential information. As Ms. Yu is neither a party to the lawsuit nor a witness being deposed at plaintiffs' depositions, she is not a party to whom confidential information may be disclosed under paragraph 5 of our confidentiality stipulation.
>
> Third, and most significantly, Ms. Yu is a supervisor-level employee of LIBI. Indeed, she currently supervises the plaintiffs whose depositions she seeks to attend. Based on her role at LIBI, Ms. Yu is a covered employee under Rule 4.2 of the Rules of Professional Conduct, and you are prohibited from speaking with her without the consent of LIBI's counsel. Please identify any and all improper communications that you have had with Ms. Yu to date so that this issue may be appropriately addressed.
>
> As the depositions are scheduled to begin tomorrow morning, this issue must be resolved expeditiously. Accordingly, please confirm by no later than 12:00 p.m. today that you agree Ms. Yu is not an appropriate attendee of plaintiffs' depositions and that she will not be attending.
>
> If you do not agree, then we will be making an emergency application to Magistrate Judge Scanlon by phone pursuant to her Rule II(a). If the emergency application becomes necessary, we would intend on making the call to chambers between 1:00 p.m. and 2:00 p.m.

David N. Saponara

Kudman Trachten Aloe LLP

Direct: (212) 868-1887

dsaponara@kudmanlaw.com

**From:** Troy Law [mailto:troylaw@troypllc.com]
**Sent:** Monday, May 16, 2016 5:53 PM
**To:** David Saponara <dsaponara@kudmanlaw.com>
**Cc:** John Troy <johntroy@troypllc.com>
**Subject:** Re: Guan et al v. Long Island Business Institute, Inc.

Dear Mr. Saponara:

For plaintiffs' deposition scheduled on May 18, 2016 and May 19, 2016, beside from deponents, Kibum Byun and Huan (Hazel) Yu will be accompanying to the depositions.

Thank you.

John Troy

/gb

# TROY LAW
*Attorneys & Counselors at Law*
Queens:  41-25 Kissena Blvd., Suite 119, Flushing NY 11355. Tel: (718) 762-1324
Taipei:  372 LinSen N. Road, Suite 1100, Taipei 10446 Tel: (886+2)-2571-2572

蔡鴻章 律師事務所

*Our firm does not accept paper or fax correspondence, including service, and production of documents, which must be made by emailing a PDF.*