UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CHUN LUN GUAN, QIHUAI LIU, ZIQIANG :
LU, and HUIDE ZHOU, on behalf of themselves :
and others similarly situated, :
: **MEMORANDUM AND OPINION**
Plaintiffs, :
: 15 Civ. 2215 (CBA) (VMS)
-against- :
:
LONG ISLAND BUSINESS INSTITUTE, INC., :
MONICA FOOTE, and WILLIAM DANTIVA, :
:
Defendants. :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiffs Chun Lun Guan, Qihuai Liu, Ziqiang Lu, Huan Yu and Huide Zhou (the "Plaintiffs")[1] bring this action against Defendants Long Island Business Institute, Inc. ("LIBI"), Monica Foote and William Dantiva, alleging violations of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; New York Labor Law ("NYLL"), 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.[2]

Plaintiffs and their counsel John Troy ("Mr. Troy") and Kibum Byun ("Mr. Byun") failed to appear for scheduled depositions, and Defendants and their counsel Paul Aloe ("Mr. Aloe") and David Saponara ("Mr. Saponara") moved for sanctions for the fees and costs associated with

---

[1] The parties stipulated to the dismissal of former Plaintiff Youxing Zhao. ECF Nos. 129-131.

[2] District Judge Amon dismissed Plaintiffs' ADEA claims without prejudice. ECF No. 122 at 10-13.

the depositions. See ECF No. 78. The Court granted the motion. See 4/26/2016 Order. Defendants now move for the Court to determine the amount of fees and expenses to be paid by Plaintiffs' counsel. For the reasons stated herein, the Court awards Defendants $2,275.00 in fees and $575.00 in costs to be paid by Plaintiffs' counsel within 30 days of the entry of this Order.

I.      **Background**

Named Plaintiffs are current and former Chinese employees of LIBI's building-maintenance department at the Flushing campus. See Am. Compl., ECF No. 41 ¶¶ 15-19. Plaintiffs allege that under Defendants' supervision, the maintenance department gave preferential treatment to the department's Hispanic employees, and some employees made comments disparaging Plaintiffs' Chinese ethnicity. See id. ¶¶ 109-43. Plaintiffs also allege that Defendants violated various overtime provisions of the FLSA and NYLL. See id. ¶¶ 194-201.

The Court ordered the parties to take the depositions of Plaintiffs by April 22, 2016, and that by April 4, 2016, Plaintiffs were to specify to Defendants the dialect of the Chinese language that each Plaintiff speaks so that an appropriate interpreter could be hired for each deposition. See Order, ECF No. 77. When Plaintiffs did not identify the dialects spoken by Plaintiffs to Defendants by April 4, Defendants sent Plaintiffs' counsel an email reminder on April 5 and again on April 8. See ECF No. 78-1. On April 9, Plaintiffs informed Defendants that each Plaintiff speaks Mandarin. See ECF No. 78 at 1-2. On April 11, the next business day following Plaintiffs' email, Defendants sent deposition notices to Plaintiffs' counsel scheduling Plaintiffs' depositions for April 18 and 19. See ECF No. 78-2. On April 13, Defendants sent a second email to Plaintiffs' counsel to confirm the deposition dates and times. See ECF No. 78-3. On April 14, Plaintiffs' counsel responded, notifying Defendants that Plaintiffs would not be appearing for depositions on the noticed dates and suggesting that the parties discuss alternate

dates, although Plaintiffs did not provide alternate dates.  See ECF No. 78-4.  Defendants responded the same day by refusing to adjourn the depositions without permission from this Court because of the April 22 deadline.  See ECF No. 78-5.  Defendants' counsel offered to speak to Plaintiffs' counsel to attempt to arrange a Court conference seeking relief from the April 22 deadline.  See id.  Plaintiffs' counsel did not respond to this email.  See ECF No. 78 at 2.

Defendants' counsel, along with a Mandarin interpreter and a court reporter, appeared for the first deposition, but Plaintiff Guan (whose deposition was scheduled first) and Plaintiffs' counsel did not.  See id.  Defendants' counsel emailed Plaintiffs' counsel a half an hour after the first deposition was scheduled to begin, informing Plaintiffs' counsel that they would wait another half an hour, then, if Plaintiffs and their counsel had not appeared, note the non-appearance on the record and seek appropriate sanctions.  See ECF No. 78-7.  Plaintiffs did not appear.  See ECF No. 78 at 2.  Approximately an hour after Defendants' counsel sent his email, Plaintiffs' counsel responded stating that he and Plaintiffs would not be appearing at any of the noticed depositions.  See ECF No. 78-7.  Plaintiffs were all eventually deposed, albeit on dates after the noticed depositions.

Defendants moved for sanctions against Plaintiffs' counsel for the costs and fees associated with attending the "busted" deposition of Plaintiff Guan.  See generally ECF No. 78.  This Court granted that motion, directing the parties to agree on the amount of fees and costs owed or, if they could not agree, to make an application to the Court to make that determination.  See 4/26/2016 Order.

**II.   DISCUSSION**

Defendants ask for $5,020.00 in attorneys' fees, which includes the time preparing for and attending the depositions, moving for sanctions and moving for a determination of fees and

costs. See ECF No. 105-2. Defendants also ask for $575.00 in costs, which represents cancellation fees for the court reporter and interpreter.

### A.     Attorneys' Fees Calculation

Having granted attorneys' fees for the discovery issues described above, the Court now calculates the amount owed to Defendants. The prevailing method for determining a fee award is the lodestar method, by which the court multiplies a reasonable hourly rate by the reasonable number of hours expended. See Perdue v. Kenny A., 559 U.S. 542, 546, 551 (2010). The calculation of a reasonable fee is within the court's discretion. See Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011). The burden is on the party seeking the fee award to prove that the requested fees and hours are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); see also United States v. Keshner, 794 F.3d 232, 235 (2d Cir. 2015); Farbotko v. Clinton Cty. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005). Requests for attorneys' fees in this Circuit must be accompanied by contemporaneous time records that show for each attorney the date the work was done, "the hours expended, and the nature of the work done." Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc., 07 Civ. 2568 (JG), 2012 WL 1414872, at *10 (E.D.N.Y. Jan. 20, 2012); see Scott v. City of N.Y., 643 F.3d 56, 58-59 (2d Cir. 2011).

#### 1.     The Reasonable Hourly Rate For Defendants' Attorneys

In support of their claim for attorneys' fees, Defendants submit an affidavit from Mr. Aloe and a billing statement. See ECF Nos. 105-2 & 105-5. According to his affidavit, Mr. Aloe is a senior partner at Kudman Trachten Aloe LLP; he graduated from law school in 1983; and he has been litigating employment and other commercial disputes in state and federal courts for more than thirty years. See ECF No. 105-5. The affidavit also states that Mr. Saponara graduated from law school in 2013 and that his practice focuses on litigating commercial

4

disputes, including employment-related matters. Id. Mr. Aloe seeks an hourly fee of $500 for himself and $300 for Mr. Saponara. See id.

In the Second Circuit, "[t]he reasonable hourly rate is the rate a paying client would be willing to pay . . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 190 (2d Cir. 2007). This determination is locality-sensitive; in order to determine a reasonable hourly rate, the court must look to "the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984); see Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006) (stating that the court must use current, prevailing rates for that court's district); Brady v. Wal-Mart Stores, Inc., 455 F. Supp. 2d 157, 214 (E.D.N.Y. 2006) (recognizing that "the law of this circuit" is to "use [ ] current rates in the lodestar"), aff'd, 531 F.3d 127 (2d Cir. 2008).

Given Mr. Aloe's experience and qualifications as well as the nature of this case, in which Plaintiffs allege that Defendants violated both the FLSA and anti-discrimination laws, the Court believes that $500.00 an hour is a reasonable rate. See Chawla v. Metro. Oral Surgery Assocs., P.C., No. 11 Civ. 6248 (RRM) (VMS), 2014 WL 4678023, at *11 (E.D.N.Y. Sept. 19, 2014) (on a sanctions motion finding $525.00 an hour a reasonable rate for an attorney with 40 years of employment-law experience); United States v. City of N.Y., No. 07 Civ. 2067 (NGG) (RLM), 2013 WL 5542459, at *8 (E.D.N.Y. Aug. 30, 2013) (applying a rate of $550.00 per hour for four partners' work); Gray v. Toyota Motor Sales, U.S.A., Inc., No. 10 Civ. 3081 (JS) (ETB), 2013 WL 3766530, at *5 (E.D.N.Y. July 16, 2013) (applying a rate of $450.00 per hour for an attorney with fifteen years of experience); Libaire v. Kaplan, No. 06 Civ. 1500 (DRH) (ETB), 2011 WL 7114006, at *4 (E.D.N.Y. June 17, 2011) (applying a rate of $475.00 per hour for an

5

attorney with thirty years of experience and $450.00 per hour for an attorney with eighteen years of experience), R&R adopted as modified by No. 06 Civ. 1500 (DRH) (ETB), 2012 WL 273080 (E.D.N.Y. Jan. 30, 2012); Rodriguez v. Pressler & Pressler, L.L.P., No. 06 Civ. 5103 (BMC) (JO), 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) (granting $450.00 hourly rate for attorney with seventeen years of experience); Manzo v. Sovereign Motor Cars, Ltd., No. 08 Civ. 1229 (JG) (SMG), 2010 WL 1930237, at *8 (E.D.N.Y. May 11, 2010) (applying a rate of $480.00 per hour for an attorney with thirty years of experience), aff'd, 419 F. App'x 102 (2d Cir. 2011).

With respect to Mr. Saponara, the Court finds that an hourly rate of $175.00 is reasonable. See Gomez v. El Rancho De Andres Carne De Tres Inc., 12 Civ. 1264 (CBA) (SMG), 2014 WL 1310296, at *33 (E.D.N.Y. Mar. 11, 2014), R&R adopted by 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014) (awarding $175 per hour for an associate practicing for approximately 3 years in FLSA- and NYLL-based matter); Jemine v. Dennis, 901 F. Supp. 2d 365, 384 (E.D.N.Y. 2012) (finding hourly rate of $150 reasonable for junior associate with two years of experience practicing law); see also Rios v. Louya Corp., 14 Civ. 6800 (GHW), 2015 WL 5918194, at *10 (S.D.N.Y. Oct. 8, 2015) ("Courts typically award rates in the range of $125-$215 to associates with three years of experience or less."); Black v. Nunwood, Inc., 13 Civ. 7207 (GHW), 2015 WL 1958917, at *16 (S.D.N.Y. Apr. 30, 2015) ($200 per hour for associate with three years of experience and $150 for one year of experience in FLSA- and NYLL-based matter).

Accordingly, the Court will award Mr. Aloe an hourly rate of $500.00 but will reduce Mr. Saponara's hourly rate to $175.00.

## 2. Reasonable Number Of Hours Expended

Defendants ask for $5,020.00 in fees for a total of 3.20 hours of work performed by Mr. Aloe and 11.40 hours of work performed by Mr. Saponara. See ECF 105-5. In support of their claim for attorneys' fees, Defendants submit contemporaneous time records reflecting the work Mr. Aloe and Mr. Saponara completed relating to these issues: attending the depositions, debriefing their clients regarding the depositions, drafting the motion for sanctions and drafting the motion to determine the amount of fees and costs. See ECF Nos. 105-2, 159, 160.

"The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'" Hensley v. Eckerhart, 461 U.S. 424, 424 (1983) (quoting S. Rep. No. 94-1011, p. 6 (1976)). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed, 'as a practical means of trimming fat from a fee application.'" Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quoting Hensley, 461 U.S. at 444).

Defendants first ask for fees for both the time expended preparing for and attending Plaintiffs' busted depositions. Based on the Court's review of Defendants' counsel's time records, some of the fees requested are outside of the scope of the sanctions award and cannot be recovered. Specifically, Mr. Saponara bills 3.00 hours to "Prepare for plaintiffs' depositions w/ PA and Monica; on the record to note defaults; meet w/ PA and Monica to discuss plan moving forward." ECF No. 160-1 at 3. Mr. Aloe bills 2.80 hours to "Guan depositions; Meeting with M. Foote; busted depo (no show by plaintiff); Discuss strategy with M. Foote." Id. Defendants' counsel would have had to prepare for Plaintiffs' depositions, which did ultimately take place, so

7

the work was not wasted.[3] Strategic discussions are not clearly the result of Plaintiffs' counsel's conduct. For these reasons, on this motion the Court reduces Mr. Saponara and Mr. Aloe's times for these entries to 1.00 hours each, representing the hour they spent waiting for Plaintiffs.

Defendants also seek to recover fees for the time they spent preparing their motion for sanctions and motion to determine fees and costs. The Court is permitted to award Defendants for the fees incurred in making these motions. See, e.g., Enmon v. Prospect Capital Corp., 675 F.3d 138, 148 (2d Cir. 2012) (upholding district court's decision to award entire fees connected with a party's sanctions motion, even though the motion was granted in part and denied in part); Penta v. Costco Wholesale Corp., No. 14 Civ. 3587 (DLI) (VMS), 2016 WL 1171612, at *8 (E.D.N.Y. Mar. 25, 2016) (awarding fees for time preparing the motion for fees); John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 151 (S.D.N.Y. 2014) (awarding fees incurred in making a Rule 37 sanctions motion); Creative Res. Grp. of New Jersey, 212 F.R.D. at 104 ("the court finds that the plaintiff is entitled to fees and costs related to the motions to compel and the motions for sanctions"); Am. Int'l Tel., Inc. v. Mony Travel Servs., Inc., 203 F.R.D. 153, 155 (S.D.N.Y. 2001) (awarding attorneys' fees for time spent preparing motion for sanctions where party failed to attend a deposition).

The time billed for these activities is generally reasonable, except that Mr. Saponara includes time spent filing the two motions. Clerical work such as this is not ordinarily recoverable at an attorney's rate. See DeMarco v. Ben Krupinski Gen. Contractor, Inc., No. 12 Civ. 573 (SJF) (ARL), 2014 WL 3696020, at *9 (E.D.N.Y. July 22, 2014) (reducing award to account for "time spent on clerical tasks, such as faxing documents, preparing duplicates, serving

---

[3] The Court also notes that both Mr. Aloe and Mr. Saponara engaged in "block billing," which makes it difficult to determine how much time was dedicated to any specific task.

8

papers on defendants, and filing documents") (internal citation omitted). The Court will reduce those two entries by 0.20 each.

The following chart includes a breakdown of the fees awarded by the Court:

| Attorney | Recommended Hourly Rate | Recommended Number of Hours | Total |
|---|---|---|---|
| Mr. Aloe | $500.00 | 1.40 | $700.00 |
| Mr. Saponara | $175.00 | 9.00 | $1,575.00 |
| | | | **$2,275.00** |

The Court thus will award Defendants' counsel $2,275.00 in fees.

**B.     Costs**

The Court previously awarded costs on Defendants' sanctions motion. See 4/26/2016 Order. Defendants also seek to recover the $575.00 they paid in cancellation fees to the court reporter and interpreter, and they include in their motion the invoices associated with these costs. See ECF No. 105-2. Plaintiffs' counsel disputed their responsibility for paying this amount in their correspondence with Defendants' counsel when the parties attempted to resolve this issue without Court intervention, see ECF No. 105-2, but they dropped their objections in their opposition to the present motion, see ECF No. 108.

"Courts routinely order reimbursement of court reporters costs when imposing sanctions." Bacote v. Riverbay Corp., No. 16 Civ. 1599 (GHW), 2016 WL 7496139, at *3 (S.D.N.Y. Dec. 29, 2016); see, e.g., John Wiley & Sons, Inc., LLC, 298 F.R.D. at 150; In re 650 Fifth Ave. & Related Props., No. 08 Civ. 10934 (KBF), 2013 WL 4774720, at *10 (S.D.N.Y. Sept. 4, 2013); Scoon v. Potter, No. 10 Civ. 567 (BMC) (LB), 2011 WL 1240552, at *3 (E.D.N.Y. Mar. 11, 2011), R&R adopted by, No. 10 Civ. 0567 (BMC) (LB), 2011 WL 1239889 (E.D.N.Y. Mar. 30, 2011). It was reasonable for Defendants to schedule and be ready to take the properly noticed depositions given the impending deadline set by this Court, Plaintiffs' counsel's

slow response time to emails, and implicit refusal to contact the Court to discuss extending the deadline.  See <u>John Wiley & Sons</u>, 298 F.R.D. at 150 (finding the plaintiffs behaved reasonably in not cancelling their court reporter where the defendants previously stated they would not attend depositions, and awarding the plaintiffs those costs).

For these reasons, the Court awards Defendants $575.00 in costs.

### III.  CONCLUSION

For the foregoing reasons, this Court awards Defendants $2,275.00 in fees and $575 in costs to be paid by Plaintiffs' counsel within 30 days of the entry of this Order.

Dated:  Brooklyn, New York
        March 2, 2017

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge