<mark>UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK</mark>


<mark>FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 13 2019 ★
BROOKLYN OFFICE</mark>

------------------------------------------------------------x
CHUN LAN GUAN, QIHUAI LIU, ZIQIANG LU, and HUIDE ZHOU, on behalf of themselves and others similarly situated,

                          Plaintiffs,

-against-

LONG ISLAND BUSINESS INSTITUTE, INC., MONICA FOOTE, and WILLIAM DANTIVA,

                          Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-2215 (CBA) (VMS)

**AMON, United States District Judge:**

Plaintiffs brought this collective action against Defendants Long Island Business Institute, Inc. ("LIBI"), Monica Foote, and William Dantiva, alleging wage and discrimination claims under federal, state, and city law.[1] (D.E. # 41.) On August 11, 2016, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), the Court granted Plaintiffs' motion to conditionally certify a collective action limited to "non-exempt, non-managerial employees at LIBI's Flushing campus only." (D.E. # 123 ("Certification M&O").) The Court also denied without prejudice Defendants' request to exclude opt-in plaintiff Huan "Hazel" Yu as exempt from FLSA under 29 U.S.C. § 231(a)(1), concluding that it lacked a sufficient record to make an informed factual determination on Yu's similarity to the named plaintiffs. (Id. at 11–12.)

Following discovery, Defendants moved to decertify the collective action as to Yu and to dismiss Yu's claims from the action. (D.E. # 223.) This Court referred Defendants' motion to the Honorable Vera M. Scanlon, United States Magistrate Judge, (D.E. # 232), who thereafter issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion to decertify Plaintiffs' conditionally certified class as to Yu and grant Defendants' motion to

---

[1] The parties stipulated to the dismissal of former plaintiff Youxing Zhao. (D.E. #s 129–31.)

1

dismiss Yu without prejudice, (D.E. # 238). Plaintiffs have filed objections to the R&R, (D.E. #s 240, 241 ("Pls. Obj.")), and Defendants have responded to Plaintiffs' objections, (D.E. # 248 ("Defs. Resp.")). For the reasons stated below, the Court overrules Plaintiffs' objections, adopts the well-reasoned R&R, and grants Defendants' motion.

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party submits a timely objection to a proposed recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b)(3). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). "The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments." Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp., 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).

Plaintiffs argue that the R&R is subject to de novo review, (Pls. Obj. at 5), but Defendants argue this Court should review for clear error because Plaintiffs' objections "primarily restate[] the same arguments" raised before Magistrate Judge Scanlon, (Def. Resp. at 11).

## DISCUSSION

### I. Objection to Recommendation to Decertify FLSA Collective Action as to Yu

Plaintiffs do not challenge the legal standard applied by Magistrate Judge Scanlon, but they contend that Magistrate Judge Scanlon misapplied the standard in determining whether the

2

conditionally certified collective should be de-certified as to Yu. (Pls. Obj. at 1–5, 8–14.) The Court need not decide which standard of review applies to these challenges because it concludes, even under de novo review, that decertification is appropriate.

At the decertification stage of a FLSA collective action, a court determines "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010). Courts in this circuit typically look to the following factors in deciding whether to decertify: "(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against [collective action treatment]." See Perez v. Allstate Ins. Co., No. 11-cv-1812 (JFB), 2014 WL 4635745, at *6 (E.D.N.Y. Sept. 16, 2014) (alteration in original) (quoting Indergit v. Rite Aid Corp., 293 F.R.D. 632, 639 (S.D.N.Y. 2013)). Courts in this circuit also hold that named plaintiffs bear the burden of proving, by a preponderance of the evidence, that opt-in plaintiffs are similarly situated. See Perez, 2014 WL 4635745, at *6; Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011).

Under the first factor, the Court agrees that the named plaintiffs and Yu present disparate factual and employment settings: there is no dispute that the named plaintiffs are non-exempt cleaning and maintenance workers, but the parties dispute whether Yu was an exempt or non-exempt employee. As Magistrate Judge Scanlon found, there is evidence that (1) Yu performed administrative tasks that named plaintiffs did not perform, (2) Yu directed and supervised the named plaintiffs' work, (3) LIBI classified and paid Yu as an exempt employee. (R&R at 5–8.) Plaintiffs contend that the R&R erroneously characterizes their position to be that Yu was

3

misclassified as exempt; in fact, their position is that Yu—like the other named plaintiffs—is non-exempt. (Pls. Obj. at 8–10.) Regardless of how Plaintiffs seek to characterize their legal theory, the fact remains that adjudicating Yu's claim at trial would involve an analysis of her daily duties, job responsibilities, and wage payments (including any overtime payments) to determine whether she is exempt or non-exempt—an analysis that would not be required for any of the named plaintiffs.[2] (See R&R at 7–8.) Unlike in Perez, Plaintiffs have not met their burden to show that the "primary duties" of the named plaintiffs and Yu are sufficiently similar to overcome the significant differences. Cf. Perez, 2014 WL 4635745, at *8–*11 (concluding that "examination of the testimonial and documentary evidence reveals substantial similarity in the job duties of all Adjusters in the FLSA collective").

Under the second factor, the Court agrees that there are key distinctions in the defenses available against the named plaintiffs and Yu. (R&R at 8–9.) Defendants maintain that Yu is exempt, but they do not contend that any other named plaintiffs are exempt. In addition, Yu is expected to testify about her direction and supervision of the named plaintiffs' employment, creating a clear potential conflict between her claim and those of the named plaintiffs.

Under the third factor, the Court agrees—in light of its evaluation of the first two factors—that fairness and procedural considerations counsel against collective treatment of Yu and the named plaintiffs. Plaintiffs contend that it would disserve fairness and judicial economy to dismiss Yu from the collective action, because (1) she filed a document called "Consent to Become Party Plaintiff" early in the litigation in November 2015, (D.E. # 39) and (2) requiring her to re-file her FLSA and New York Labor Law ("NYLL") claims would present obstacles to recovery based on

---

[2] The Court rejects as irrelevant Plaintiffs' comment that Jia Sheng Wu shared Yu's pay structure, but no objection has been made to his exempt status. (Pls. Obj. at 4.) Although Wu submitted an affidavit in support of Plaintiffs' claims, (see D.E. # 74), Wu is not a named or opt-in plaintiff in this action.

4

the statute of limitations. (Pls. Obj. at 12–14.) But the court evaluates fairness and procedural considerations as these factors pertain to collective treatment—not simply as general notions. See Perez, 2014 WL 4635745, at *6. Given apparent differences between the claims of the named plaintiffs and Yu, this is not a case in which collective treatment would achieve "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." Zivali, 784 F. Supp. 2d at 468 (quoting Hoffman La-Roche v. Sperling, 493 U.S. 165, 170 (1989)).

Accordingly, the Court concludes that all three factors favor decertification and grants LIBI's motion to decertify the FLSA collective action as to plaintiff Yu.

## II. Objection to Recommendation to Decline Supplemental Jurisdiction Over Yu's State Law Claims

Plaintiffs do not challenge the legal standard applied by Magistrate Judge Scanlon, but appear to raise the same objections to Yu's dismissal that they raised under the third factor for decertification: that it would disserve fairness and judicial economy to decline to exercise supplemental jurisdiction over Yu's state law claims, because she has long been a party to this suit and the statute of limitations would hamper recovery if she is required to refile. (See Pls. Obj. at 12–14.) The Court need not decide which standard of review applies because it concludes, even under de novo review, that the balance of factors weighs against exercising supplemental jurisdiction over Yu's state law claims.

A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Under § 1367(a), "once it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory," and "'the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c).'"

5

Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 85 (2d Cir. 2018) (quoting Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011)). One of those enumerated categories is when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to retain jurisdiction, a court must balance the traditional "values of judicial economy, convenience, fairness, and comity," and "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988)). In this case, Magistrate Judge Scanlon concluded that, with the dismissal of Yu's only federal claims, she has only NYLL claims remaining. (R&R at 11–12.) Magistrate Judge Scanlon recommended declining to exercise supplemental jurisdiction because Yu's potential FLSA and NYLL claims should not be severed from each other, and adjudicating her NYLL claims would present the same procedural challenges that warranted decertification.

The Court agrees that the balance of factors counsels against exercising supplemental jurisdiction over Yu's NYLL claims. See Elfoulki v. Brannons Sandwich Shop, LLC, No. 14-CV-5964 (PKC), 2016 WL 1736203, at *3 (S.D.N.Y. May 2, 2016) ("Here, the Court has dismissed each opt-in plaintiffs' only federal claims—their FLSA claims. Because each of the opt-in plaintiffs have only New York Labor Law and New York common law claims remaining, judicial economy, fairness, convenience and comity will be served best by declining to exercise supplemental jurisdiction over each of those plaintiffs' remaining state law claims and, accordingly, all those claims are dismissed without prejudice.").

Plaintiffs suggest that this Court has long-recognized Yu as a party to this case and that it would be unfair to dismiss her claims now, citing her "Consent to Become Party Plaintiff" form filed in November 2015 indicating that she opted into claims "under state and/or federal law including the Fair Labor Standards Act." (D.E. # 39.) But unlike FLSA claims, the NYLL "does not have a provision for collective actions"—instead, "plaintiffs may pursue a traditional 'opt-out' class action through class certification for their state law claims" under Rule 23. Shahriar, 659 F.3d at 244. Plaintiffs did not elect to pursue a Rule 23 class action for their NYLL claims in this case. Finally, the cases cited by Plaintiffs are not apposite: none dealt with a putative opt-in plaintiff who no longer has a FLSA claim. See Marin v. Apple-Metro, Inc., No. 12-CV-5274 (ENV) (CLP), 2017 WL 4950009, at *13 (E.D.N.Y. Oct. 4, 2017) (recommending that the Court find that opt-in FLSA plaintiffs joined all claims, not just those brought under FLSA); Hicks v. T.L. Cannon Corp., 35 F. Supp. 3d 329, 339 (W.D.N.Y. 2014) (authorizing opt-in FLSA plaintiffs to seek redress as to NYLL claims); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 90 (S.D.N.Y. 2001) (authorizing supplemental jurisdiction over opt-in FLSA plaintiffs' state law claims); Fengler v. Crouse Health Sys., Inc., 634 F. Supp. 2d 257, 262 (N.D.N.Y. 2009) (allowing opt-in FLSA plaintiffs to seek damages for all claims asserted in the action).

Because Yu has no remaining FLSA claims and her NYLL claims would differ from those of the named Plaintiffs, the Court concludes that the values of judicial economy, convenience, fairness, and comity would not be served by retaining supplemental jurisdiction over Yu's state law claims. Accordingly, the Court declines to exercise supplemental jurisdiction over Yu's NYLL claims and dismisses her from this case.

## CONCLUSION

For these reasons, the Court adopts the R&R, grants Defendants' motion to decertify the FLSA collective action as to Yu, and dismisses Yu's claims without prejudice.

SO ORDERED.

Dated: August 9, 2019
      Brooklyn, New York

                                        s/Carol Bagley Amon
                                        Carol Bagley Amon
                                        United States District Judge