UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHUN LAN GUAN, QIHUAI LIU, ZIQIANG
LU, and HUIDE ZHOU, on behalf of themselves
and others similarly situated,

                     Plaintiffs,

    -against-

LONG ISLAND BUSINESS INSTITUTE, INC.,
MONICA FOOTE, and WILLIAM DANTIVA,

                     Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 13 2019 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-2215 (CBA) (VMS)

**AMON, United States District Judge:**

Plaintiffs brought this collective action against Defendants Long Island Business Institute, Inc. ("LIBI"), Monica Foote, and William Dantiva, alleging wage and discrimination claims under federal, state, and city law.[1] Plaintiffs' counsel, Troy Law, PLLC, has filed objections to and moves to vacate a December 10, 2018 Memorandum & Order of the Honorable Vera M. Scanlon, United States Magistrate Judge, awarding Defendants' counsel $6,260 in attorneys' fees to be paid by Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 16(f). (D.E. # 237 ("Sanctions Order"); 246 ("Mot. to Vacate").) Defendants' counsel requests that this Court affirm the Sanctions Order and award additional attorneys' fees for time spent preparing their response to Troy Law's objections. (D.E. # 247 ("Opp'n").) For the reasons set forth below, Troy Law's objections are overruled and Sanctions Order is affirmed.

In this case, Magistrate Judge Scanlon sanctioned Troy Law because counsel failed three times to submit a draft joint pretrial order ("JPTO") to Defendants' counsel that complied with this Court's individual rules, in accordance with the deadlines set by Magistrate Judge Scanlon.

---

[1] The parties stipulated to the dismissal of former plaintiff Youxing Zhao. (D.E. #s 129–31.)

(Sanctions Order at 1–4.) For example, each iteration failed to include "a brief narrative statement of the expected testimony of each witness," as required by this Court's Individual Rule 4(A)(viii). These failures occurred even though (1) Magistrate Judge Scanlon provided "guidance and additional time to comply," (Sanctions Order at 4), (2) Defendants' counsel filed letters identifying the ways in which Plaintiffs' draft JPTOs failed to conform to this Court's individual rules, (D.E. #s 210, 212, 212–1), and (3) Plaintiffs' counsel were on notice after submitting their first deficient draft JPTO that failure to submit a satisfactory draft JPTO might result in sanctions, (D.E. dated 8/7/2018). Plaintiffs' counsel submitted that they made good faith efforts to comply with this Court's individual rules, (D.E. #s 211, 213), and believed that their final draft JPTO did comply, (D.E. #s 213, 213–1, 214). Magistrate Judge Scanlon disagreed. After reviewing the parties' submissions, Magistrate Judge Scanlon sanctioned Troy Law under Rule 16(f) for failure to obey a scheduling and other pretrial order and directed Troy Law to pay Defendants' attorneys' fees for time spent in conjunction with the JPTO and the sanctions motion. (Sanctions Order at 8–9.) The Sanctions Order was issued "against a background of Plaintiffs' counsels' troubling conduct" in this litigation. (Sanctions Order at 4.)

Under 28 U.S.C. § 636(b)(1)(A), a district court may set aside a magistrate judge's order on a non-dispositive pretrial matter if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a) (When reviewing a non-dispositive pretrial order, a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Matters concerning discovery, including monetary sanctions for noncompliance with discovery orders, "usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) (discussing

2

monetary sanctions under Rule 37). An order is clearly erroneous if "'on the entire evidence' the Court is 'left with the definite and firm conviction that a mistake has been committed.'" Mental Disability Law Clinic v. Hogan, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010) (quoting Easley v. Cromartie, 532 U.S. 234, 235 (2001)). An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (citation omitted). Under the "highly deferential standard" governing Rule 72(a), "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citation omitted).

Under Rule 16(f), a court may impose reasonable costs and attorneys' fees "incurred because of any noncompliance with this rule," such as when a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C), (f)(2). "A finding of bad faith on that attorney's part is not required. All that is needed is a violation of a scheduling or other pretrial order." Martin v. Giordano, 185 F. Supp. 3d 339, 361 (E.D.N.Y. 2016). But a court should not impose sanctions "if noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). "The purpose of the sanctions is three-fold: (1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well." Petrisch v. JP Morgan Chase, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011). Troy Law makes three objections to the Sanctions Order.

First, Troy Law contends that "the award of sanctions should be limited to fees incurred because of Plaintiff's counsel's noncompliance with [Rule 16] and scheduling orders, and not also for 'fees expended in conjunction with the JPTO' as well." (Mot. to Vacate at 2–4.) Specifically,

3

Troy Law argues that certain work undertaken by Defendants and covered by the sanctions award—reviewing Plaintiffs' draft JPTOs and preparing certain letters—would have taken place regardless of whether they fully complied with this Court's individual rules regarding the contents of JPTOs, and that certain other time entries are ambiguous or reflect unnecessary work. (Mot. to Vacate at 2–3.) According to Troy Law, eliminating these entries compels a $2,960 reduction in the sanctions award. (Mot. to Vacate at 4.) But Troy Law did not raise objections to these time entries before Magistrate Judge Scanlon, (see D.E. #s 217, 236), and district courts "ordinarily will not consider new arguments, evidence, or case law that could have been but were not presented to the magistrate judge," Allen v. United Parcel Serv., Inc., 988 F. Supp. 2d 293, 299 (E.D.N.Y. 2013). In any event, the inclusion of these time entries in the Rule 16(f) sanctions award was not clearly erroneous: the time Defendants' counsel spent reviewing draft JPTOs and preparing letters was unnecessarily prolonged by Troy Law's repeated failure to submit a satisfactory draft JPTO, and the remaining entries are not so ambiguous or excessive as to constitute clear error.

Next, Troy Law contends that the hourly rates are unreasonable in light of defense counsel's lack of experience, and that awarding the appropriate rates—$300 for Mr. Aloe (instead of $500) and $175 for Mr. Saponara (instead of $200)—dictates a final fee award of $2,667.50. Again, Troy Law did not contest the reasonableness of defense counsel's requested hourly rates before Magistrate Judge Scanlon. (D.E. #s 217, 236.) Nonetheless, the Court discerns no clear error in the hourly rates for Mr. Aloe and Mr. Saponara. Magistrate Judge Scanlon awarded Mr. Aloe the same rate he received in an earlier sanctions award in this case, (see D.E. # 161), and awarded Mr. Saponara a reasonable rate that was in fact less than the rate Defendants requested, (Sanctions Order at 10–12).

Finally, Troy Law appears to contend that sanctions are manifestly unjust because it was premature to finalize the JPTO before the Court resolved the question of Huan Yu's status as a plaintiff in this action. But that contention is irrelevant to the question of whether Troy Law violated Magistrate Judge Scanlon's orders, and the record supports the conclusion that it did. Troy Law further appears to argue that Huan Yu would not be precluded as a witness even if she is dismissed from the action. But again, that argument is irrelevant to the question of whether the Sanctions Order was appropriate. This Court will only reverse a magistrate judge's order resolving a non-dispositive dispute if it finds an abuse of discretion, see Williams, 236 F. Supp. 3d at 803, and there was none here.

The Court declines to award Defendants' counsel attorneys' fees for the costs they incurred preparing their response to Troy Law's objections. A party has a right to timely file objections to a magistrate judge's non-dispositive order with the district judge. See Fed. R. Civ. P. 72(a).

\* \* \*

The Court has reviewed Magistrate Judge Scanlon's Sanctions Order and Troy Law's objections, and finds that the decision is neither clearly erroneous nor contrary to law. Accordingly, Troy Law's objections are dismissed and the Sanctions Order is affirmed.

SO ORDERED.

Dated: August 9, 2019
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge