UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHUN LAN GUAN, QIHUAI LIU, ZIQIANG LU, and HUIDE ZHOU, on behalf of themselves and others similarly situated,

Case No. 15-cv-02215 (CBA)(VMS)

**JOINT STIPULATION OF SETTLEMENT AND RELEASE between DEFENDANTS and HUAN YU**

Plaintiffs,

-against-

LONG ISLAND BUSINESS INSTITUTE, MONICA FOOTE, and WILLIAM DANTIVA,

Defendants.

---

**WHEREAS**, on April 18, 2015, plaintiff Chun Lan Guan ("Guan") commenced the above-captioned action (the "Lawsuit") against defendants Long Island Business Institute ("LIBI") and Monica Foote ("Foote") by filing a complaint (ECF No. 1) alleging, among other things, a putative collective action claim for unpaid overtime under the Fair Labor Standards Act (the "FLSA") and claims for unpaid overtime and records-related violations under the New York Labor Law (the "NYLL"); and

**WHEREAS**, on May 18, 2015, Qi Huai Liu ("Liu"), Zi Qiang Lu ("Lu"), and Huide Zhou ("Zhou" and, together with Guan, Liu, and Lu, "Named Plaintiffs")[1] filed consent to become party plaintiff forms (ECF Nos. 5–8); and

**WHEREAS**, on June 26, 2016, the Named Plaintiffs filed an amended complaint (ECF No. 17), adding William Dantiva ("Dantiva" and, together with LIBI and Foote, "Defendants") as a defendant and alleging additional claims for discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Civil Rights Act of 1871 (42 U.S.C. § 1981), New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL"); and

**WHEREAS**, on November 7, 2015, Huan Yu ("Yu") filed a consent to become party plaintiff form (ECF No. 39); and

**WHEREAS**, on November 13, 2015, the Named Plaintiffs filed a second amended complaint (ECF No. 41); and

**WHEREAS**, on December 14, 2015, the Named Plaintiffs filed a motion seeking conditional certification of a collective action for their claim for unpaid overtime under the FLSA (ECF No. 56); and

---

[1] You Xing Zhao also filed a consent to become party plaintiff form. However, Mr. Zhao's claims against defendants were dismissed with prejudice on November 1, 2016 (ECF No. 131).

**WHEREAS,** on August 12, 2016, the Court issued a decision and order granting in part the Named Plaintiffs' motion for conditional certification of a FLSA collection action, defining the scope of the collective action group as the "non-exempt, non-managerial employees at LIBI's Flushing campus only" (ECF No. 123); and

**WHEREAS,** on September 27, 2017, Reify Gonzalez ("Gonzalez") filed an FLSA opt-in plaintiff consent form (ECF No. 181);[2] and

**WHEREAS,** on November 2, 2016, Defendants filed a motion for summary judgment (ECF No. 135) seeking dismissal of all the claims alleged against them in the second amended complaint; and

**WHEREAS,** on September 30, 2017, the Court issued a memorandum and order granting in part and denying in part Defendants' motion for summary judgment, dismissing all of the Named Plaintiffs' hostile work environment claims and limiting the scope of the Named Plaintiffs' discrimination claims under Title VII, 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL to the issue of whether Defendants discriminated against the Named Plaintiffs by paying a higher hourly rate to two Hispanic employees (ECF No. 182); and

**WHEREAS,** on September 27, 2018, Defendants filed a motion to decertify the conditionally certified FLSA collective action and dismiss Yu's claim for unpaid overtime (ECF No. 223); and

**WHEREAS,** on August 13, 2019, the Court issued a memorandum and order granting Defendants' motion to decertify the FLSA collective action and dismissed Yu from the Lawsuit without prejudice (ECF No. 249); and

**WHEREAS,** during the pendency of the Lawsuit, the Parties participated in several settlement conferences with the Court to discuss the possibility of resolving the claims asserted in the Lawsuit as well as any other potential alleged claims against Defendants; and

**WHEREAS,** counsel for the Parties have discussed at length the legal issues and factual bases underlying the claims alleged by the Named Plaintiffs, Gonzalez, and Yu; and

**WHEREAS,** the Parties dispute the issues of liability and damages claimed by the Named Plaintiffs, Gonzalez, and Yu in the Lawsuit and otherwise; and

**WHEREAS,** Defendants specifically deny that there are any unpaid overtime wages owed to any of the Named Plaintiffs, Gonzalez, or Yu and further state that they are neither admitting nor conceding liability for any violations of any federal, state, or local statutes with respect to the Named Plaintiffs, Gonzalez, or Yu or any of their respective former periods of employment with Defendants; and

---

[2] Three other individuals filed FLSA collective action opt-in forms: (1) Su Jin Gu on April 17, 2017 (ECF No. 164); Alexandra Correa on September 19, 2017 (ECF No. 178); and (3) Cong Dou Pan on October 2, 2017 (ECF No. 184). However, their claims were dismissed with prejudice on January 9, 2018 (ECF No. 194), after the parties mutually determined that these individuals did not have timely and/or valid claims under the FLSA.

**WHEREAS**, the Parties, with the assistance of United States Magistrate Judge Ramon E. Reyes, Jr., have reached a settlement, as reflected by the terms of this Joint Stipulation of Settlement and Release (the "Stipulation") and a separate Stipulation of Settlement and Release relating to the Named Plaintiffs and Gonzalez (the "Named Plaintiffs Stipulation"), and desire by this Stipulation and the Named Plaintiffs Stipulation to settle fully all differences, disputes, and claims that may exist between them to avoid the costs and risks inherent in continuing with the Lawsuit and other possible litigation; and

**WHEREAS**, counsel for the Named Plaintiffs, Gonzalez, and Yu has conducted a thorough investigation of the facts underlying their claims in the Lawsuit and otherwise and is of the opinion that the settlement memorialized in this Stipulation and the Named Plaintiffs Stipulation is fair, reasonable, and adequate and is in the best interests of the Named Plaintiffs, Gonzalez, and Yu; and

**WHEREAS**, the Parties wish to obtain the Court's approval of this Stipulation and the Named Plaintiffs Stipulation and the Parties' settlement of any and all claims that may exist between them.

**NOW, THEREFORE**, for and in consideration of the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree that all claims and controversies between the Parties are settled as follows:

1.   **Court Approval.** This Stipulation is subject to, and contingent on, the Court's approval of terms set forth in this Stipulation and in the related Named Plaintiffs Stipulation (the "Court Approval"). The Parties agree that they will jointly seek approval of this Stipulation, and each of the terms herein, and will take all reasonable steps to seek the Court Approval. In the event that the Court Approval is denied, this Stipulation shall be null and void, of no force and effect, and as if it had not been made, and the Parties shall be restored to the positions they were in before this Stipulation was made; provided, however, that in the event that the Court refuses to approve any particular term of this Stipulation, then the Party for whose benefit such term applies may at such Party's election choose to waive that provision within three (3) business days after notice of the Court's action.

2.   **Settlement Sum**.

   a)   In full and final settlement of the claims in the Lawsuit, and in consideration of the releases provided by Yu in favor of Defendants as set forth in Paragraph 4(a) of this Stipulation, Defendants shall cause to be paid to Yu the gross amount of Sixty Thousand Five Hundred Dollars ($60,500.00) (the "Settlement Sum").

   b)   Allocation of costs between the Named Plaintiffs and Gonzalez and Yu.

      i.   The total out-of-pocket expenses, which are necessary and incidental to the representation of all Plaintiffs, are documented in the amount of Eight Thousand Nine Hundred Sixteen Dollars and Ninety-Nine Cents ($8,916.99). The Named Plaintiffs, Gonzalez, and Yu mutually agree to

3

split the costs for the case in proportion to the amount to the gross settlement received, in light of the fact that the litigation has brought Yu the opportunity to settle her claims despite having been excluded from the Court. As Yu received Sixty Thousand Five Hundred Dollars ($60,500.00), and the Named Plaintiffs and Gonzalez received Three Hundred Nine Thousand Five Hundred Dollars ($309,500.00), they have agreed to split the costs as follows:

1. Sixteen and Three Thousand Five Hundred Fourteen Thousandth Percent (16.3514%), or One Thousand Four Hundred Fifty-Eight Dollars and Five Cents ($1,458.05), shall be attributed to Yu; and

2. Eighty Three and Sixty Four Thousand Eighty-Six Thousandth Percent (83.6486%), or Seven Thousand Four Hundred Fifty-Eight Dollars and Ninety-Four Cents ($7,458.94), shall be attributed to the Named Plaintiffs and Gonzalez.

c) Allocation of the Settlement Sum between Yu and Troy Law, PLLC ("Troy Law").

   i. After deducting the One Thousand Four Hundred Fifty Eight Dollars and Five Cents ($1,458.05) in costs attributed to Yu, the net amount of the Settlement Sum is Fifty-Nine Thousand Forty-One Dollars and Ninety-Five Cents ($59,041.95).

   ii. Yu and Troy Law agree to the following allocation of the net amount of the Settlement Sum:

      1. Huan Yu shall receive Thirty-Eight Thousand Three Hundred Seventy-Seven Dollars and Twenty-Seven Cents ($38,377.27).

      2. Troy Law shall receive Twenty Thousand Six Hundred Sixty-Four Dollars and Sixty-Eight Cents ($20,664.68), equal to Thirty Five-Percent (35%) of the net amount of the Settlement Sum, as attorneys' fees.

      3. Based on this allocation, Yu shall bear Sixty-Five Percent (65%) of the total costs allocated to her share of the gross Settlement Sum, and Troy Law shall bear Thirty-Five Percent (35%) of such costs.

d) Within forty-five (45) days after the date of entry of an order by the Court approving this Stipulation, Defendants' counsel shall deliver to Plaintiffs' counsel, Troy Law, two separate checks as follows: one check payable to Yu for her allocable portion of the Settlement Sum, less applicable withholding and deductions for taxes as set forth in paragraph 3 of this Stipulation, and one check payable to Troy Law for reasonable attorneys' fees and costs. Troy Law shall

4

be exclusively responsible for delivering to Yu the check representing her allocable portion of the Settlement Sum.

3.   **Tax Characterization**.

    a.   50% of the allocation of the net amount of Settlement Sum payable to Yu shall be treated as wages and 50% shall be considered compensation for liquidated damages.

    b.   FICA payroll taxes and all other applicable withholding and deductions shall be withheld from each of the allocable portions of the Settlement Sum considered wages under applicable law.

    c.   LIBI shall pay any employer payroll taxes for the allocable portion of the Settlement Sum considered wages under applicable law.

    d.   Yu shall otherwise be responsible for any and all taxes owed on her allocable portion of the Settlement Sum that is made payable on the 1099.

    e.   Troy Law shall be responsible for any and all taxes owed on the reasonable attorneys' fees and costs it receives from the Settlement Sum.

    f.   Within thirty (30) days after the date of entry of an order by the Court approving this Stipulation, Troy Law shall provide to Defendants' counsel, Kudman Trachten Aloe LLP, a current address for Yu for the purposes of enabling Defendants, after the end of this calendar year, to send Form W-2s and Form 1099s representing payment of her allocable share of the Settlement Sum, including the reasonable attorneys' fees and costs allocated to Yu. Defendants shall also send to Troy Law a Form 1099 for its allocable share of the Settlement Sum representing payment of reasonable attorneys' fees and costs.

    g.   Neither Troy Law nor Kudman Trachten Aloe LLP intend anything contained in paragraph 3 of the Stipulation to constitute legal advice regarding the taxability of any amount of the Settlement Sum, nor will it be relied upon as such.

4.   **Mutual General Releases**.

    a)   Yu, on behalf of herself and together with each of her respective past and present predecessors, successors, affiliates, subsidiaries, parents, insurers, officers, directors, members, managers, partners, shareholders, employees, heirs, assigns, agents, and attorneys, hereby releases and forever discharges each of Defendants and their insurer, Philadelphia Indemnity Insurance Company, and each of their past and present predecessors, successors, affiliates, subsidiaries, parents, insurers, officers, directors, members, managers, partners, shareholders, employees, heirs, assigns, agents, and attorneys from any and all known and unknown claims, disputes, demands, debts, liabilities, obligations, contracts, agreements, causes of action, suits, attorneys' fees and/or costs, of

whatever nature, character, or description, which Yu had, now has, or may have against Defendants, of any kind or nature whatsoever, except for obligations set forth in this Stipulation. Yu hereby acknowledges that she has had a full and fair opportunity investigate any claims that she has or may have against Defendants and that she understands that she is waiving any and all rights that she may have.

b) Defendants, on behalf of themselves and together with their insurer, Philadelphia Indemnity Insurance Company, and each of their respective past and present predecessors, successors, affiliates, subsidiaries, parents, insurers, officers, directors, members, managers, partners, shareholders, employees, heirs, assigns, agents, and attorneys, each hereby release and forever discharge Yu, and each of her past and present predecessors, successors, affiliates, subsidiaries, parents, insurers, officers, directors, members, managers, partners, shareholders, employees, heirs, assigns, agents, and attorneys from any and all known and unknown claims, disputes, demands, debts, liabilities, obligations, contracts, agreements, causes of action, suits, attorneys' fees and/or costs, of whatever nature, character, or description, which Defendants had, now have, or may have against Yu, of any kind or nature whatsoever, except for obligations set forth in this Stipulation. Defendants hereby acknowledge that they have had a full and fair opportunity investigate any claims that they have or may have against Yu and that they understand that they are waiving any and all rights that they may have.

5.   **Covenants Not to Sue**.

a.   Yu hereby covenants that she will never institute any action or suit at law or in equity against any of Defendants or their insurer, Philadelphia Indemnity Insurance Company, nor institute, prosecute, or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action of any nature against Defendants or their insurer, Philadelphia Indemnity Insurance Company, except as may be necessary to enforce the obligations set forth in this Stipulation.

b.   Each of the Defendants and their insurer, Philadelphia Indemnity Insurance Company, hereby covenant that they will never institute any action or suit at law or in equity against Yu, nor institute, prosecute, or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action of any nature against Yu, except as may be necessary to enforce the obligations set forth in this Stipulation.

6.      **Dismissal of the Lawsuit with Prejudice**. For and in consideration of payment of the Settlement Sum set forth in paragraph 2(a) and the exchange of general releases set forth in paragraph 4 of this Stipulation, which Yu acknowledges to be sufficient consideration to support this Stipulation, the Parties agree that Defendants shall, within five (5) days after the date of entry of an order by the Court approving this Stipulation, file the fully executed Stipulation of Dismissal (a copy of which is attached to the Named Plaintiffs Stipulation as Exhibit A), thereby dismissing with prejudice all of the claims asserted in the Lawsuit. Each of the Parties hereby warrants that it has not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim, and/or proceeding against any of the Parties in any form or forum other than this Lawsuit, which it agrees to dismiss with prejudice.

7.      **Publicity and Announcements**. No Party to this Stipulation shall (orally or in writing) issue any press release, or otherwise communicate with the media, concerning the existence of this Stipulation, or the subject matter hereof, except to the extent that such Party is required to make any public disclosure or filing with respect to the subject matter of this Stipulation (i) by applicable law or (ii) in connection with enforcing its rights under this Stipulation. The Parties represent that they have carefully read and fully understand the terms and conditions of this Stipulation and that they have executed this Stipulation after consulting with their attorneys concerning their rights and obligations under this Stipulation.

8.      **No Disparagement**. No Party to this Stipulation shall make, publish, or communicate to any person or entity or in any public forum any comments or statements (written or oral) that denigrate or disparage, or are detrimental to, the reputation or stature of any other Party or its businesses, or any of its employees, directors, and/or officers, and existing and prospective customers, suppliers, investors, and other associated third parties.

9.      **Confidentiality Obligations**. During the pendency of the Lawsuit, the Parties exchanged "Confidential Information" within the meaning and pursuant to the provisions of a Stipulation and Order for the Production and Exchange of Confidential Information dated May 12, 2017 (ECF No. 87). Nothing in this Stipulation shall release, waive, or otherwise modify the Parties' respective rights and obligations pursuant to the Stipulation and Order for the Production and Exchange of Confidential Information, which shall remain in full force and effect.

10.     **No Admissions**. This Stipulation does not constitute an admission by any of the Parties of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state, or local government of the United States, nor shall it be deemed an admission of any allegation, claim, defense, or position taken by any adverse Party in the Lawsuit.

11.     **No Representations**. The Parties warrant and represent that they have not relied on any statements, representations, coercion, promises, or warranties made by any Party or its representatives to influence, induce, or cause the other to enter into this Stipulation, except any statements and representations specifically recited in this Stipulation.

7

12.   **Lack of Duress**. The Parties represent and warrant that they have each read this Stipulation and that this Stipulation has been executed of their own free will, without promises, threats, or the exertion of duress upon them. Yu further represents and warrants that her counsel, Troy Law, has provided her an opportunity to review a translation of this Stipulation in the written language of her choosing.

13.   **Warranty of Capacity to Execute Stipulation**. The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Stipulation, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Stipulation; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Stipulation.

14.   **Knowing and Voluntary Execution**. The Parties to this Stipulation represent and warrant that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Stipulation, that they are satisfied with their respective counsel's competence and independence, and that they have executed this Stipulation after consultation with such counsel. The Parties further warrant that they have, in fact, reviewed this Stipulation in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Stipulation, and that they fully understand the terms, provisions and legal effect of this Stipulation.

15.   **Governing Law**. This Stipulation shall be interpreted, construed, and enforced in accordance with the laws of the State of New York. Any legal suit, action, or proceeding arising out of or relating to this Stipulation must be instituted in the state or federal courts in the State of New York, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, or proceeding.

16.   **Modification**. This Stipulation embodies the entire agreement of the Parties, and no representations, understandings, or agreements, oral or otherwise, in relation to this Stipulation exist between the Parties. This Stipulation may not be amended, modified, or terminated orally, but only as expressly provided for in an instrument in writing duly executed by the Parties to this Stipulation and duly approved by the Court.

17.   **Severability**. The invalidity or unenforceability of any term or provision of this Stipulation shall not impair or affect the remainder of the Stipulation, and the remaining terms and provisions of the Stipulation shall not be invalidated but shall remain in full force and effect.

18.   **No Waiver**. No failure to exercise, and no delay in exercising, any right, power, or remedy under this Stipulation shall impair any right, power, or remedy which any Party may have, nor shall any such delay be construed to be a waiver of any such rights, powers, or remedies or an acquiescence in any breach or default under this Stipulation, nor shall any waiver of any breach or default of any party be deemed a waiver of any default or breach subsequently appearing.

19. **Further Assurances**. Each Party to this Stipulation shall, from time to time, make, execute, acknowledge and deliver all documents that may be necessary to properly carry out the terms and object of this Stipulation.

20. **Binding Effect**. This Stipulation shall be binding upon the Parties and their legatees, distributees, legal representatives, personal representatives, and successors.

21. **Counterparts**. This Stipulation may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument. Facsimile or scan copies of signatures shall be deemed originals.

22. **Effectiveness**. This Stipulation shall be effective as of the date of entry of an order issuing the Court Approval. In the event that the Court Approval is denied, nothing in this Stipulation shall be used by any of the Parties in the Lawsuit or in any other proceeding.

23. **Continuing Jurisdiction**. The Court shall have continuing jurisdiction for the enforcement of this Stipulation.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation as of the date first written above.

_____
Huan Yu


**LONG ISLAND BUSINESS INSTITUTE INC.**


By:_____        _____
  Name: Leon Lee                                Monica Foote
  Title:


_____
William Dantiva


**SO ORDERED**

                                _____
                                HON. CAROL BAGLEY AMON
                                UNITED STATES DISTRICT JUDGE

19. **Further Assurances**. Each Party to this Stipulation shall, from time to time, make, execute, acknowledge and deliver all documents that may be necessary to properly carry out the terms and object of this Stipulation.

20. **Binding Effect**. This Stipulation shall be binding upon the Parties and their legatees, distributees, legal representatives, personal representatives, and successors.

21. **Counterparts**. This Stipulation may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument. Facsimile or scan copies of signatures shall be deemed originals.

22. **Effectiveness**. This Stipulation shall be effective as of the date of entry of an order issuing the Court Approval. In the event that the Court Approval is denied, nothing in this Stipulation shall be used by any of the Parties in the Lawsuit or in any other proceeding.

23. **Continuing Jurisdiction**. The Court shall have continuing jurisdiction for the enforcement of this Stipulation.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation as of the date first written above.

_____
Huan Yu

**LONG ISLAND BUSINESS INSTITUTE INC.**

By: _____
Name: Leon Lee
Title:

_____
Monica Foote

_____
William Dantiva

**SO ORDERED**

_____
HON. CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

9